**Opinion issued August 30, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-10-00218-CV

———————————————

**HUNG TAN PHAN, Appellant**

**V.**

**AN DINH LE, TAN MINH CAO, HUY DINH TRUONG, Appellees**

---

**On Appeal from the 125th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-61891**

---

## O P I N I O N

Appellant, Hung Tan Phan, appeals the trial court's grant of summary judgment for lack of standing on his claims against appellees, An Dinh Le, Tan Minh Cao, and Huy Dinh Troung and its award of damages against Phan on Cao's

and Truong's counterclaims.  In two issues, Phan argues (1) Phan had standing to bring his claims against the defendants and (2) the evidence is legally insufficient to support the trial court's determination of liability.[1]

We reverse and render.

## Background

Phan was the president of an association known as LDNNA from 2004 to 2007.  The association is composed of Vietnamese "frogmen"—that is, certain members of the Vietnamese military that served the south Vietnamese government during the Vietnamese war.  The purpose of the association, at least in part, is to raise money for disabled frogmen still in Vietnam and for families of deceased frogmen still in Vietnam.

In 2004, Phan assigned Le the authority to organize a fundraising event in Houston, Texas.  The LDNNA gave Le money to put together the event.  That money, along with all profits obtained from the fundraiser, was to be returned to the LDNNA after the fundraiser.

In October 2008, Phan filed suit, pro se, against Le and the other defendants, who had also been involved in the Houston fundraiser.  Phan asserted claims of fraud and breach of fiduciary duty.  Phan alleged that the defendants operated the

---

[1] Appellant raised three issues in his original brief.  Following a correction in the record, however, appellant filed a supplemental brief and abandoned the third issue as moot.

fundraiser in a manner that caused a net loss. He pleaded that he brought his suit as "an individual, a private party," but sought recovery for "[t]he monetary damages of the LDNNA."

Defendants answered and asserted counterclaims for breach of fiduciary duty, embezzlement, "illegal representation of the association," and "frivolous lawsuit and harassment." The next month, defendants filed a motion for summary judgment, arguing that Phan lacked standing to bring his claims.

The defendants asserted in their motion for summary judgment that Phan was bringing his claims on behalf of the LDNNA, that Phan was no longer president or on the board of directors, and that Phan admitted in discovery that he did not have standing to sue on behalf of the LDNNA. In support of this ground, the defendants attached Phan's response to their requests for admissions. In the response to their requests for admissions, Phan admitted that he was no longer president or a board member for the LDNNA, that he did not have the authority to represent the LDNNA, and that he did not have standing to file suit on behalf of the LDNNA.

The defendants also asserted that summary judgment was proper on the basis that Phan lacked personal knowledge of the events concerning the Houston fundraiser. The only evidence they presented in support of this claim was an

3

affidavit by Truong asserting that "Phan was not in the Organizing Committee [for the Houston fundraiser], he did not have any personal knowledge."

Finally, the defendants asserted that summary judgment was proper on the basis that there was no material fact issue "about the harms done to [Phan] individually." The defendants did not present any evidence on this matter. Instead, they relied on the portion of Phan's petition where he prayed for "$34,000 to pay back to the LDNNA."

In his response to the motion for summary judgment, Phan argued he was not bringing his claims against defendants on behalf of the LDNNA. Instead, Phan argued, that he was liable to the LDNNA for the losses incurred. Accordingly, he claimed that he was suing in his individual capacity to recover the losses for which he was liable. To support his argument, he included a letter from the then-current president of the LDNNA. The letter was written in Vietnamese, and Phan included a copy of his own translation of the letter. In the translated copy, the letter asserts, "You were the Association President at the time of the fundraising party. Pursuant to the Association BYLAWS, . . . the Association President is still liable for the Association treasury." It also stated that "the Association is asking you to do anything in your power (even taking legal action) to try to recover the lost fundraising money."

4

The trial court granted the defendants' motion for summary judgment. Phan later filed a motion for new trial on the issue of whether he lacked standing. Phan attached to the motion for summary judgment, among other things, portions of the LDNNA's bylaws that he asserts supports his claim that he is liable for the losses he alleged to have been incurred by the defendants. The motion for new trial was denied as well.

Le subsequently nonsuited his counterclaims against Phan. Cao and Truong did not. At trial, Cao and Truong called Phan and Truong to testify in addition to the defendants' attorney on fees. Phan called only himself. At the conclusion of the trial, the trial court awarded the defendants $8,000 in actual damages, $10,000 in punitive damages, and $2,000 in attorneys' fees.[2]

On appeal, Phan filed a brief arguing (1) Phan had standing to bring his claims against the defendants and (2) the evidence is legally insufficient to support the trial court's determination of liability. Le filed a brief arguing that summary judgment on Phan's standing was proper. Cao and Truong did not file a brief.

---

[2]     The judgment does not specifically identify the defendants that were awarded the damages rendered against Phan. Instead, the judgment refers only to the "Defendants/CounterPlaintiffs." Because it was acknowledged by everyone at trial that Le had nonsuited his claims against Phan, we do not read the judgment to include Le as a recipient of the award or to suggest that any claims he had have been disposed with prejudice.

**Subject-Matter Jurisdiction**

In his second issue, Phan argues that the trial court erred by determining that he lacked standing to assert his claims.

**A.      Standard of Review**

A defendant can challenge the plaintiff's standing in a motion for summary judgment.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).  The summary-judgment movant must conclusively establish its right to judgment as a matter of law.  *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).  Because summary judgment is a question of law, we review a trial court's summary judgment decision de novo.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

To prevail on a "traditional" summary-judgment motion asserted under Rule 166a(c), a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law.  *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence.  *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

To determine if there is a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could

do so, and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). When the trial court's summary judgment order does not state the basis for the trial court's decision, we must uphold the order if any of the theories advanced in the motion are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

**B.  Standing**

Standing is a necessary component of subject-matter jurisdiction and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). If a party lacks standing, the trial court does not have jurisdiction to hear the case. *Bland*, 34 S.W.3d at 553–54.

Standing "requires that the controversy adversely affect the party seeking review." *McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 234 (Tex. 2001). In a standing analysis, we focus on whether the "party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). The general test for standing in Texas requires that there "(a) shall be a real controversy between the parties, which

7

(b) will be actually determined by the judicial declaration sought." *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

The defendants presented three grounds for summary judgment: (1) Phan lacked standing to bring his claims, (2) Phan lacked any personal knowledge, and (3) Phan did not suffer any harm.

On the issue of standing, the defendants argued that Phan was no longer president of the LDNNA and could not assert claims on its behalf. Their summary judgment evidence consisted of Phan's acknowledgements in his response to the defendants' requests for admissions that he was no longer president or a board member for the LDNNA, that he did not have the authority to represent the LDNNA, and that he did not have standing to file suit on behalf of the LDNNA.

Phan responded, arguing that he was not bringing the lawsuit in any representative capacity on behalf of the LDNNA. Instead, he argued he was suing in his individual capacity. He asserted that the LDNNA's bylaws made him liable for the loss incurred as a result of the defendants' actions because the event occurred while he was president. To support his argument, he included a letter from the then-current president of the LDNNA. The letter was written in Vietnamese, and Phan included a copy of his own translation of the letter. In the translated copy, the letter asserts, "You were the Association President at the time

of the fundraising party.  Pursuant to the Association BYLAWS, . . . the Association President is still liable for the Association treasury."

In his brief on the merits, Le argues that Phan's translation of the letter is not admissible because Phan did not comply with rule 1009 of the Texas Rules of Evidence.  *See* TEX. R. EVID. 1009(a) (requiring, for purposes of admissibility, translation of foreign language document to be served on parties 45 days prior to trial along with affidavit of qualified translator).  There was no objection in the trial court to Phan's evidence, however.  Nor was there a ruling by the trial court excluding the evidence.

Defects to the form of evidence are waived without an objection and ruling by the trial court.  *See Vice v. Kasprzak*, 318 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (holding defects to form of evidence are waived without securing a ruling).  Rule 1009 concerns when a translated document must be admitted into trial and whether the accuracy of the translation can be submitted to the factfinder.  *See* TEX. R. EVID. 1009(a)–(d).  It is not, then, a rule concerning the substance of the translated document.  Accordingly, any defects in the form of Phan's translation have been waived.  *See Vice*, 318 S.W.3d at 11.

The letter from the current president of the LDNNNA asserted that Phan is liable for the LDNNA's treasury for the period of time he was president.  Phan alleges that the LDNNA suffered a loss due to the defendant's actions during that

9

same time. Viewing the evidence in the light most favorable to the non-movant, indulging every reasonable inference, and resolving any doubts in the non-movant's favor, we hold that Phan's liability to the LDNNA for the defendants' actions create a real controversy between the parties, which could be actually determined by the judicial declaration sought. *See Texas Ass'n of Bus.*, 852 S.W.2d at 446.

We sustain Phan's second issue.

## C.    Ripeness

Nevertheless, the facts of this case compel us to address the issue of ripeness. Ripeness is an element of subject-matter jurisdiction and, accordingly, can be raised sua sponte by this Court on appeal. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

While standing focuses on the question of who may bring an action, ripeness examines when that action may be brought. *Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). Ripeness is determined based on the facts that exist at time suit was filed. *See id.* The inquiry concerns "whether the case involves 'uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (citing 13A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3532 (2d ed. 1984)). "A case is not ripe when determining whether the plaintiff has a concrete injury

depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000). "To establish that a claim is ripe based on an injury that is likely to occur, the plaintiff must demonstrate that the injury is imminent, direct, and immediate, and not merely remote, conjectural, or hypothetical." *City of Hous. v. Mack*, 312 S.W.3d 855, 862 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing *Gibson*, 22 S.W.3d at 852).

Phan acknowledged to the trial court that the LDNNA had not sued the defendants for the injury they allegedly caused the LDNNA. Nor has the LDNNA filed suit against Phan or in any other way sought to recover from him any of the alleged damages. In other words, while the LDNNA *may* seek to recover from Phan, it has not chosen to do so yet. While Phan may *potentially* face liability for the alleged losses, depending on the actions of the LDNNA, he currently has not suffered any injury. *See id.* (plaintiff must show injury is imminent, direct, and immediate); *cf. Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 210 (Tex. 1999) (holding "and indemnity claim does not accrue until all of the potential liabilities of the indemnitee become fixed and certain").

We hold that Phan's claims against the defendants are not ripe. When the evidence shows that the trial court lacks subject-matter jurisdiction, we vacate the trial court's judgment and dismiss the action. TEX. R. APP. P. 43.2(e); *Brooks v.*

11

*Northglen Ass'n,* 141 S.W.3d 158, 164 (Tex. 2004) (vacating trial court's judgment and dismissing causes of action); *see also Ab-Tex Beverage Corp. v. Angelo State Univ.*, 96 S.W.3d 683, 686 (Tex. App.—Austin 2003, no pet.) (holding order that dismisses lawsuit for want of jurisdiction is not res judicata of merits and does not bar plaintiff from bringing same cause again once impediment to jurisdiction has been removed).

## Legal Sufficiency

In his second issue, Phan argues the evidence is legally insufficient to support the trial court's determination of liability on Cao and Truong's claims against him.

### A. Standard of Review

In conducting a legal-sufficiency review of the evidence, we consider all of the evidence in a light favorable to the verdict and indulge every reasonable inference that supports it. *City of Keller*, 168 S.W.3d at 824. We consider evidence favorable to the finding if a reasonable factfinder could consider it, and disregard evidence contrary to the finding unless a reasonable factfinder could not disregard it. *Id.* at 827. In an appeal of a judgment rendered after a bench trial, we may "not invade the fact-finding role of the trial court, who alone determines the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony." *Volume Millwork, Inc. v. W.*

12

*Hous. Airport Corp.*, 218 S.W.3d 722, 730 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

## B.    Analysis

Cao and Truong asserted claims against Phan for breach of fiduciary duty, embezzlement, "illegal representation of the association," and "frivolous lawsuit and harassment." The trial court rendered judgment against Phan on the claims of breach of fiduciary duty, embezzlement, and filing a frivolous lawsuit and harassment. Phan argues the evidence is legally insufficient to support any of these claims.

Phan begins by noting that the trial court awarded $8,000 in actual damages. Phan argues that there is no evidence to support this damage amount under any of the claims identified in the judgment.

The only testimony at trial that touches on damages suffered is a portion of Truong's testimony about his mental suffering from Phan's actions.

Q.    So you suffer[ed] mentally, right?

A.    Yes, sir, very much so.

Q.    And emotionally too, right?

A.    Yes, sir. Not just me, a lot of people. He hurt a lot of people emotionally.

Q.    And your Frogmen—your friends also [got] scared, right?

A.  They [were ] scared because, just like me, even [though] I'm [an] engineer I only know the numbers but the law I know nothing, zero.

Phan argues in his brief, "Even assuming that mental anguish and emotional distress can be recovered for breach of fiduciary duty, embezzlement, or filing a frivolous or harassing lawsuit, this testimony does not . . . rais[e] a fact issue." We agree.

An award of mental anguish damages will survive a legal sufficiency challenge when a plaintiff has introduced direct evidence of the nature, duration, and severity of their mental anguish, thus establishing a substantial disruption in the plaintiff's daily routine. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995); *Rice Food Markets, Inc. v. Williams*, 47 S.W.3d 734, 738–39 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). When a plaintiff does not present evidence of the nature, duration, or severity of mental anguish, the reviewing court must determine whether there is "any evidence of a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger to support any award of damages." *Parkway Co.*, 901 S.W.2d at 444.

There is no evidence of any emotional distress suffered by Cao, and Truong did not present evidence of the nature, duration, or severity of his mental anguish. His testimony regarding his emotional and mental distress does not reveal a high degree of mental pain and distress that is more than mere worry, anxiety, vexation,

14

embarrassment, or anger. We hold there is no evidence to support any damages for Cao and Truong's claims for breach of fiduciary duty and embezzlement.

We are left, then, with Cao and Truong's claim of frivolous lawsuit and harassment. The trial court ordered Phan to pay $10,000, of which $8,000 were "actual damages" and $2,000 were "attorneys' fees." The trial court awarded another $10,000 for "exemplary damages." Because the judgment includes an award not based on expenses, court costs, or attorneys' fees, our analysis is controlled by section 10.001 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (Vernon 2002); *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007) (analyzing sanctions including award not based on expenses, court costs, or attorney's fees under section 10.001).

Chapter 10 provides that the signature of attorneys or parties on a pleading or motion constitutes a certificate by them that, to the best of their knowledge, information, and belief formed after a reasonable inquiry, the instrument is not being presented for an improper purpose, is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law, and there is evidentiary support for each allegation or contention. TEX. CIV. PRAC. & REM. CODE ANN. § 10.001. To award sanctions under chapter 10, it must be shown that (1) the pleading or motion was brought for an improper purpose; (2) there were no grounds for the legal arguments

15

advanced; or (3) the factual allegations or denials lacked evidentiary support. *Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 183 (Tex. App.—Texarkana 2011, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 10.001, .004 (Vernon 2002).

There is a presumption that pleadings are filed in good faith and the burden is on the party moving for sanctions to overcome this burden. *See* TEX. R. CIV. P. 13; *R.M. Dudley Constr. Co. v. Dawson*, 258 S.W.3d 694, 709 (Tex. App.—Waco 2008, pet. denied). "The party moving for sanctions must prove the pleading party's subjective state of mind. In the case of section 10.001(1), the movant must show, and the court must describe and explain, that the pleading was filed for the improper purpose of harassment." *R.M. Dudley Constr.*, 258 S.W.3d at 710. The pleading alone is not sufficient to establish that the pleading was filed in bad faith or to harass. *Id.*

At trial, the parties discussed a defamation lawsuit filed by Phan in California against a number of frogmen. It is unclear from the record whether Cao and Phan are relying on the California lawsuit or this suit to support their claim of filing a frivolous lawsuit. Regardless, neither can support a determination of liability under Cao and Truong's claim.

By the plain terms of the statute, the California lawsuit cannot be the basis for an award of sanctions under section 10.001. That statute only applies to "[t]he signing of a pleading or motion as required by the *Texas Rules of Civil Procedure*

16

. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 10.001 (emphasis added). No pleading or motion filed in the California lawsuit would meet this requirement.

For the current lawsuit, there is no evidence that Phan's suit was brought for an improper purpose, that there were no grounds for the legal arguments, or that the allegations lacked factual support. *See Dike*, 343 S.W.3d at 183 (listing bases for awarding sanctions under section 10.001). There is evidence to support Phan's standing to file suit. While we have determined that Phan's claim is not ripe, this is not synonymous with lacking merit. We hold that the record does not support a determination that the current suit was frivolous or harassing.[3]

Finally, Phan correctly argues that, because none of the claims against him are viable, the award of exemplary damages cannot stand. Under Texas law, exemplary damages are not recoverable absent an award of actual damages. *Nabours v. Longview Sav. & Loan Ass'n*, 700 S.W.2d 901, 904 (Tex. 1985); *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 451 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

---

[3] Even if we were to consider the sanctions award under Rule 13 of the Texas Rules of Civil Procedure—that is, even if we were to exclude the portion of the judgment not based on expenses, court costs, or attorneys' fees from our consideration—the result would be the same. The California case could not be the basis for an award under the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 2 (explaining, "These rules shall govern the procedure in the justice, county, and district courts of the State of Texas . . . ."). And, for the same reasons given above, there is no indication that Phan's pleading was groundless. *See* TEX. R. CIV. P. 13 (establishing signatures of parties to constitute certificate that the instrument is not groundless and creating presumption that pleadings are filed in good faith).

17

We sustain Phan's second issue.

## Conclusion

We vacate the trial court's grant of summary judgment against Phan on his claims against the defendants and dismiss those claims without prejudice. Additionally, we reverse the trial court's award of damages in favor of Cao and Truong and against Phan and render a take-nothing judgment on those claims.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Sharp, and Huddle.

18