**Opinion issued July 26, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00192-CV

———————————

**DANIEL MANDARINO, CARRIE MANDARINO, LAURA DOYLE, ROBERT CHURCH, BRETT BEALS AND LINDA BEALS AS TRUSTEES OF THE BEALS FAMILY REVOCABLE TRUST, ROBERT A. SCHALBE, WILLIAM H. GAY, JR., RICCARDIO D. GAY, ERIC JOHNSTONE, RAFAL ZIELINSKI, AND VALLY MESTRONI, Appellants**

**V.**

**SHERWOOD LANE INVESTMENTS, LLC, Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-32347**

---

## MEMORANDUM OPINION

Appellee Sherwood Lane Investments, LLC brought this action against the appellants to recover sums allegedly due under a wraparound promissory note. The

trial court granted Sherwood Lane's motion for summary judgment and rendered judgment against the appellants for the amount of the note plus interest, post-judgment interest, and attorney's fees.

The appellants challenge the summary judgment based on: (1) the admissibility of the note as summary-judgment evidence; (2) an alleged fact issue regarding the principal and interest due on the note; (3) Sherwood Lane's alleged inability to enforce the note as its holder; (4) the statute of limitations; and (5) alleged fact issues regarding affirmative defenses.

Finding no reversible error, we affirm the judgment of the trial court.

## Background

Sherwood Pines, Ltd. was a limited partnership that owned an interest in an apartment complex in Harris County, Texas. In 1999, Sherwood Pines amended its certificate of partnership to allow John Gilmore, formerly a general partner, to withdraw and convert his interest to a limited partnership interest. On February 6, 2006, the Secretary of State canceled Sherwood Pines's certificate of partnership because it failed to file a required periodic report under the Texas Revised Limited Partnership Act.

On October 16, 2006, the appellants purchased Sherwood Pines's interest in the apartment complex. To secure the purchase, they signed a promissory note as makers, with Sherwood Pines as payee. Sherwood Pines still owed a portion of the

principal from its original purchase of the property (the "First Lien Principal"), which it incorporated into the new promissory note. The additional balance that appellants owed to Sherwood Pines (the "Second Lien Principal") was described in the note as "Five Hundred and Sixty-Five Thousand Dollars" in words but $569,529.87 in numbers. The original note on the First Lien Principal was designated the "wrapped note" and the note signed by appellants was named the "wraparound note." The wraparound note stated that a deed and deed of trust conveying the property would be transferred in exchange for the note, and the legal description of the property was provided in an attached exhibit.

The wraparound note was structured to provide for monthly payments that included portions of both the First and Second Lien Principal amounts, plus associated interest. The amounts owed under both the wrapped note and wraparound note, with interest, were to be paid in full by June 1, 2011. The wraparound note contained a provision requiring the appellants to make best efforts to formally assume the wrapped note within six months. If the appellants did not assume liability on the wrapped note, the wraparound note required that they pay Sherwood Pines two percent of the outstanding total loan balance. The wraparound note allowed for acceleration of full payment in the event of default at the holder's option.

The wraparound note's signature page contained the following clause in capital letters:

> This note represents the final agreement between the payee and the maker and except as otherwise expressly indicated above may not be contradicted by evidence of prior, contemporaneous, or subsequent agreements of the parties and maker agrees there are no unwritten oral agreements between payee and maker.

The appellants each signed the wraparound note, with all except Brett and Linda Beals signing in their personal capacities. The appellants did not assume liability on the wrapped note in the time required by the wraparound note or pay 2% of the total loan balance, but Sherwood Pines did not accelerate the note based on this default.

In 2008, Sherwood Pines endorsed the wraparound note to Lee Wallis, Inc. The appellants ceased making payments on the note on July 1, 2009. Lee Wallis issued a demand for payment on August 26, 2009, but the appellants did not respond. This resulted in a default on the wrapped note, and the holder of the wrapped note foreclosed on the apartment property on April 10, 2010 in order to satisfy the First Lien Principal amount. Lee Wallis subsequently endorsed the wraparound note to appellee Sherwood Lane Investments on May 19, 2014. Sherwood Lane's managing member, Herbert B. Richardson, was formerly a general partner of Sherwood Pines and admitted that he had personal knowledge of the original sale of the apartment interest as well as the appellants' prior default.

4

Sherwood Lane filed suit to collect on the unpaid balance and interest from the wraparound note on June 5, 2014. It moved for summary judgment, attaching affidavits from former Sherwood Pines general partners Gilmore and Richardson, another affidavit from a representative of Lee Wallis, as well as a copy of the note. Sherwood Lane also attached an affidavit by an accountant retained to calculate the interest due on the wraparound note. The initial affidavit signed by the accountant calculated the principal amount based on the numerical loan amount recited in the wraparound note ($569,529.87). After the appellants objected, Sherwood Lane submitted a second affidavit by the accountant which recalculated the interest based on the principal amount as stated in words ($565,000.00). Sherwood Lane contends that it mistakenly gave the accountant incorrect information for the first affidavit, and that the corrected affidavit was submitted "purely for the Court's convenience and assistance in determining the final judgment amount."

The appellants objected to the affidavits from Gilmore, Richardson, and the Lee Wallis representative based on hearsay, relevance, and competence to testify. They also objected to the evidence of the wraparound note as being incomplete, because the copy attached by Sherwood Lane did not include the note's Exhibit A, which was the legal description of the property securing the note. The trial court did not rule on these objections.

The appellants replied to the motion for summary judgment with its own set of affidavits from each appellant, as well as the broker for the transaction, each asserting that the terms of the loan were intended to be nonrecourse. The appellants also attached a copy of the deed of trust that conveyed the property. Sherwood Lane objected to this evidence based on the parol evidence rule, but it did not obtain a ruling on its objection. In their response, the appellants generally claimed that the wraparound note was unenforceable, and they denied that Sherwood Pines was a viable legal entity at the time of the note's creation on the ground that its certificate of partnership had been canceled. The appellants also asserted the affirmative defenses of estoppel, laches, waiver, and fraudulent inducement.

The trial court granted a final summary judgment for Sherwood Lane in the amount of $1,044,481.18, with post-judgment interest, and it awarded $16,537.50 in attorney's fees. The appellants filed a motion for new trial which was overruled by operation of law, then they appealed.

**Analysis**

This court reviews a trial court's grant of summary judgment de novo. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). We must reverse if there is more than a scintilla of probative evidence that raises a genuine issue of material fact. *Id.*; *see also* TEX. R. CIV. P. 166a(c). Less than a scintilla of evidence exists if the evidence creates no more than a mere surmise or suspicion of a fact regarding a challenged

element. *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003). We review the record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). Once a plaintiff establishes its right to summary judgment as a matter of law, the burden then shifts to the defendant as nonmovant to present evidence that raises a genuine issue of material fact, thereby precluding summary judgment. *Parker v. Dodge*, 98 S.W.3d 297, 299 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## I.    Admissibility of promissory note

The appellants first contend that the copy of the wraparound note submitted by Sherwood Lane was inadmissible, and that this should have prevented summary judgment. The appellants contend that the affidavits submitted by Sherwood Lane were insufficient to authenticate the note. They also claim that the copy of the note was incomplete because it did not contain a copy of Exhibit A. Sherwood Lane responds that it presented conclusive evidence of the wraparound note's existence and terms, and that the appellants did not produce any evidence that would controvert these claims.

To collect on a promissory note, the plaintiff must establish that (1) there is a note, (2) the plaintiff is the legal owner and holder of the note, (3) the defendant is the maker of the note, and (4) a certain balance on the note is due. *Suttles v.*

*Thomas Bearden Co.*, 152 S.W.3d 607, 611 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

A photocopy of the note and an attached affidavit that swears it is a true and correct copy is sufficient summary-judgment proof for the note's existence, absent controverting evidence. *Life Ins. Co. of Virginia v. Gar–Dal, Inc.*, 570 S.W.2d 378, 380 (Tex. 1978); *Affordable Motor Co., Inc. v. LNA, LLC*, 351 S.W.3d 515, 520 (Tex. App.—Dallas 2011, pet. denied). The payee can establish ownership by attesting in an affidavit that he is the owner of the note, when the note or other appropriate evidence shows that it was issued or assigned to him. *See Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam); *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ). If the maker does not deny the genuineness of his signature, he is established as the maker. *Blankenship*, 899 S.W.2d at 238. Statements by affidavit can establish that a balance is due and owing. *See id.* at 238–39.

To be considered by the trial court or reviewing court, summary-judgment evidence must be presented in a form that would be admissible at trial. *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971); *Vice v. Kasprzak*, 318 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). To preserve a complaint about the form of summary-judgment evidence on appeal, a party must have objected in writing and secured a ruling on the objection. *Grand Prairie*

*Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990); *Hung Tan Phan v. An Dinh Le*, 426 S.W.3d 786, 792 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Vice*, 318 S.W.3d at 11. A trial court's order granting summary judgment does not impliedly rule on an objection to summary-judgment evidence. *See Delfino v. Perry Homes*, 223 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

"Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence." *Mackey v. Great Lakes Investments, Inc.*, 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet. denied); *see also* TEX. R. CIV. P. 166a(f). A complete absence of authentication is a defect of substance which may be raised for the first time on appeal. *Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 451 (Tex. App.—Dallas 2002, no pet.).

Because the appellants failed to obtain a ruling from the trial court, the objections to the adequacy of the affidavits to authenticate the promissory note were waived. *See Vice*, 318 S.W.3d at 11; *Delfino*, 223 S.W.3d at 35. The appellants nevertheless claim that the note was not proper summary-judgment evidence because it did not contain the referenced exhibit describing the property. The appellants argue that this defect rendered the note incomplete and incapable of authentication. We disagree.

9

Sherwood Lane submitted a photocopy of the note attached to the affidavit of its holder, the managing partner of the company, who swore that it was a true and correct copy. Absent controverting summary-judgment proof, this was competent summary-judgment evidence to prove the note's existence and the appellants' status as makers. *See Zarges*, 652 S.W.2d at 369. The appellants did not submit any evidence to controvert the affidavit's claim that this was a true and correct copy of the wraparound note.

We conclude that the copy of the promissory note was proper summary-judgment evidence that established the note's existence, Sherwood Pines as the payee of the note, and the appellants as its maker. *See id.*; *McLernon v. Dynegy*, 347 S.W.3d 315, 326 (Tex. App.—Houston [14th Dist.] 2011, no pet.). We overrule appellant's first issue.

## II.     Principal and interest calculations

The appellants argue that the two affidavits from Sherwood Lane's accountant, which differed with respect to the principal amount of the wraparound note, created an issue of material fact regarding the amount of the principal and interest due on the note. Sherwood Lane replies that there was no actual question of fact over the principal and interest due because the words of the contract controlled the amount of the principal by statute. It asserts that the first affidavit

was incompetent for lacking a proper legal basis, and the second was the only affidavit that was properly submitted.

"If an instrument contains contradictory terms, typewritten terms prevail over printed terms, handwritten terms prevail over both, and words prevail over numbers." TEX. BUS. & COM. CODE § 3.114. In *Guthrie v. National Homes Corp.*, 394 S.W.2d 494 (Tex. 1965), the Supreme Court of Texas considered a case in which an instrument stated that the obligor would pay "$5,780," which was written out as "Five Thousand Eighty and 00/100 *** Dollars." *Guthrie*, 394 S.W.2d at 495. The Court held that the words "Five Thousand Eighty and 00/100 *** Dollars" were unambiguous and controlled over the numerals. *Id.* at 495–96.

The rule that words control over numerals applies to remove any ambiguity that may result from a difference between the written and numerical terms. *See id.*; *see also Charles R. Tips Family Trust v. P.B. Commercial LLC*, 459 S.W.3d 147, 154 (Tex. App.—Houston [1st Dist.] 2015, no pet.). We therefore conclude that, based on *Guthrie* and the Texas Business and Commercial Code, the words used in the note to express the amount of the principal unambiguously controlled over the inconsistent numerals, and the amount of the initial principal was $565,000.00. *See Guthrie*, 394 S.W.2d at 495–96; TEX. BUS. & COM. CODE § 3.114.

The appellants also argue that the two affidavits submitted by Sherwood Lane's accountant create a fact issue that should preclude summary judgment.

11

When a statement in an affidavit contradicts the affiant's prior testimony, this can create an issue of material fact. *See Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex. 1988). If the affidavit does not explain the change in testimony, it may be struck as a "sham" affidavit that does not raise an actual fact issue. *See Tejada v. Gernale*, 363 S.W.3d 699, 707 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Farroux v. Denny's Rests., Inc.*, 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1997, no pet.). When a proper explanation for the change is proffered, the trial court need not strike the affidavit, and may consider it as summary-judgment evidence. *Tejada*, 363 S.W.3d at 707.

The second affidavit in this case did not explain the change in testimony, but counsel noted in its reply that the corrected affidavit was solely for the court's convenience and that all essential terms for the calculation of the interest and principal were already in the note. The trial court did not strike the second affidavit as a "sham affidavit." However, even if the trial court refused to consider either of the accountant's affidavits as proper summary-judgment evidence, it would have been able to reach the same mathematical conclusions in rendering its judgment from the principal amount, maturity date, and interest rate stated unambiguously in the note. Thus, regardless of whether the trial court considered the affidavits, they would not have created an issue of material fact, and they could not have

12

contributed to reversible error on appeal. *See* TEX. R. APP. P. 44.1(a)(1) (error is only reversible if it "probably caused the rendition of an improper judgment").

We overrule the appellants' second issue.

## III. Sherwood Lane's status as holder of note

In their third issue, the appellants contend that Sherwood Lane could not be the legal holder of the note. The appellants' key assertion is that Sherwood Pines was not a legal entity with the right to do business at the time of the note's creation, because its certificate of partnership had been canceled and Gilmore had withdrawn as a general partner, which could trigger dissolution by statute. On this theory, because Sherwood Pines had no right to do business, the note was facially invalid and never could be endorsed. In the alternative, the appellants argue that Sherwood Lane cannot be a holder in due course, because it had notice of the appellants' default before receiving the note.

Sherwood Lane responds that the mere fact that Sherwood Pines's certificate was canceled did not dissolve the partnership. It argues that Sherwood Pines was still capable of executing a valid contract, and Sherwood Lane is the lawful holder of the note based on conclusive evidence of endorsement.

## A. Existence of Sherwood Pines at time of note's making

At the outset, we note that the appellants did not present to the trial court their theory that Gilmore's withdrawal triggered a dissolution of Sherwood Pines.

13

Issues that the nonmovant contends "avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). If the summary-judgment response does not state the specific grounds for avoiding summary judgment, those grounds are not preserved for appeal. *See id.*; TEX. R. CIV. P. 166a(c). Rather than specifically presenting this ground for Sherwood Pines's invalidity to the trial court, the appellants' summary-judgment response only discussed the cancellation of the certificate of partnership. Accordingly, the theory that Gilmore's withdrawal as general partner caused the dissolution of Sherwood Pines has not been preserved for appellate review. *See McConnell*, 858 S.W.2d at 341.

All parties agree that because Sherwood Pines was formed prior to the adoption of the Texas Business Organizations Code, it was governed by the Texas Revised Limited Partnership Act (RLPA). *See* TEX. REV. CIV. STAT. art. 6132a-1, Act of May 31, 1993, 73rd Leg., R.S., ch. 917m § 8, 1993 Tex. Gen Laws 3887, 3915–16 (expired Jan. 1, 2010).

When statutory language is unambiguous, we interpret it according to its plain meaning. *See, e.g.*, *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzales*, 82 S.W.3d 322, 327 (Tex. 2002). The RLPA required a limited

partnership to file a periodic report to the secretary of state in order to maintain the right to transact business. *See* RLPA § 13.05. Failing to file the report when due led to a forfeiture of the right to transact business, but that forfeiture did not "impair the validity of a contract or act of the limited partnership." *Id.* § 13.06(c). The right to transact business could be restored if the partnership filed the required report and paid the required fee. *Id.* § 13.07. Upon cancellation of the limited partnership's certificate, the status of the limited partnership was changed to inactive in the records of the secretary of state, and active status similarly could be revived by filing the report and associated fees. *See id.* §§ 13.08–09.

The appellants argue that the RLPA's language regarding the "right to transact business" precluded Sherwood Pines from entering into a new contract to assign its rights as holder of the wraparound note. However, this is contrary to the plain language of the statute, which stated that the forfeiture of the right to transact business "does not impair the validity of a contract or act of the limited partnership." *Id.* § 13.06(c). Under the terms of the statute, the forfeiture of the right to transact business only prevented the partnership from maintaining an action, suit, or proceeding in the courts, and it did not prevent the partnership from forming new, valid contracts. *Id.*

Section 13.06 does not aid the appellants' argument regarding the non-existence of the partnership either. Dissolution of a limited partnership was

15

governed by Section 8.01 of the RLPA, which provided for dissolution only on the occurrence of events specified in the partnership agreement, written consent of all partners, judicial decree, or the withdrawal of a general partner (unless the partnership agreement permitted otherwise or the remaining general partners agreed in writing to continue). RLPA § 8.01; *cf. Collin County v. Hixon Family Partnership, Ltd.*, 365 S.W.3d 860, 868 & n.4 (Tex. App.—Dallas 2012, pet. denied) (holding that partnership was still in existence and capable of defending suit under statute). Under the statute, neither forfeiture of the right to do business nor cancellation of the partnership certificate results in dissolution of the partnership. RLPA §§ 13.06–.09. As stated above, the appellants waived their argument regarding withdrawal of a general partner by failing to raise it in the trial court. *See* TEX. R. CIV. P. 166a(c); *McConnell*, 858 S.W.2d at 341. Accordingly, we conclude that Sherwood Pines was a legal entity at the time of the wraparound note's creation, and the contract was not invalidated due to the invalidation of its certificate of partnership.

**B.    Sherwood Lane's ownership of note**

As noted above, the appellants failed to preserve their evidentiary objections to the form of the affidavits accompanying Sherwood Lane's motion for summary judgment. *See Vice*, 318 S.W.3d at 11. The affidavits executed by Gilmore and the representative from Lee Wallis and the attachments to these affidavits established

16

the endorsement of the note from Sherwood Pines to Lee Wallis, and finally to Sherwood Lane. The appellants argue that the wraparound note was incomplete when endorsed, but they did not submit any summary-judgment evidence to support this claim or controvert Sherwood Lane's evidence of endorsement. Accordingly, we conclude that the affidavits establish that Sherwood Lane was the lawful owner and holder of the note. *See McLernon*, 347 S.W.3d at 324; *cf. Blankenship*, 899 S.W.2d at 238.

The appellants contend that Sherwood Lane could not have the status of holder in due course. A holder in due course is a holder who takes the instrument (1) for value, (2) in good faith, (3) without notice that the instrument is overdue or has been dishonored, (4) without notice that the instrument contains an unauthorized signature or has been altered, (5) without notice of any claim to the instrument, and (6) without notice that any party has an affirmative defense or claim in recoupment. *See* TEX. BUS. & COM. CODE § 3.302. A holder in due course can enforce a note subject only to the defenses of infancy, duress, fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn its character or essential terms, or discharge in insolvency. *See id.* § 3.305. In other words, a holder in due course can enforce a note without being subject to contract defenses such as fraudulent inducement. *See Strickland v. Coleman*, 824 S.W.2d 188, 192 (Tex. App.—Houston [1st Dist.] 1991, no writ).

17

Sherwood Lane does not deny that it had notice of the appellants' prior default, and thus it was not a holder in due course, but merely a holder of the note. As holder, Sherwood Lane was still able to enforce the note, albeit subject to the defenses that would be available for a simple contract. *See id.*

Because the evidence established that Sherwood Lane was the legal owner and holder of the note, we overrule the appellants' third issue.

## IV.    Statute of limitations

In their fourth issue, the appellants argue that Sherwood Lane was barred from suit by Texas Property Code section 51.003, the statute of limitations for a deficiency judgment. The appellants assert that the foreclosure of the underlying property created a deficiency in the overall indebtedness secured by the real property, and that this renders Sherwood Lane's suit a deficiency claim which needed to be brought within two years of foreclosure, making the deadline for filing April 10, 2012. Sherwood Lane responds that this case should be governed by Texas Business and Commerce Code section 3.118 as a standard suit on a promissory note, making the relevant statute of limitations six years from the date the note was overdue. Sherwood Lane asserts the note became overdue on June 1, 2011, making the deadline for filing June 1, 2017.

The relevant portion of Section 51.003 provides:

If the price at which real property is sold at a foreclosure sale under Section 51.002 is less than the unpaid balance of the indebtedness

18

secured by the real property, resulting in a deficiency, any action brought to recover the deficiency must be brought within two years of the foreclosure sale and is governed by this section.

TEX. PROP. CODE § 51.003(a). The Supreme Court of Texas has interpreted this statute as follows:

> Read as a whole and in context with the remainder of § 51.003, § 51.003(a) provides that whenever a borrower is sued after real property is sold at a foreclosure sale as permitted by and described in § 51.002, and judgment is sought against the borrower because the foreclosure sales price is less than the amount owed, then (1) the suit is for a "deficiency judgment," (2) the suit must be brought within two years of the foreclosure sale, and (3) the suit is governed by § 51.003.

*PlainsCapital Bank v. Martin*, 459 S.W.3d 550, 555 (Tex. 2015).

In *Mays v. Bank One, N.A.*, 150 S.W.3d 897 (Tex. App.—Dallas 2004, no pet.), the appellant executed two different promissory notes to different lenders. *Mays*, 150 S.W.3d at 898. When the appellant defaulted, the senior lienholder foreclosed, but it was only able to satisfy the first debt. *Id.* No proceeds were left for the junior lienholder, so that holder sued for the value of its promissory note. *Id.* The appellant aimed to use the property's fair market value to offset the claimed deficiency under Texas Property Code section 51.005, which only applies after a foreclosure sale results in a deficiency. *See id.* at 899; TEX. PROP. CODE § 51.005. However, the court found the statute inapplicable, noting that "the only foreclosure was of the lien held by" the senior lienholder. *Mays*, 150 S.W.3d at

19

900. Because the second lien remained wholly unsatisfied and the second lien was extinguished by the foreclosure, the court held that the statute did not apply. *Id.*

The factual situation in this case is similar to the one in *Mays*. Here, the senior lienholder, who had possession of the wrapped note, foreclosed on the lien after appellants defaulted on their obligations to both notes, leading to Lee Wallis's default on the wrapped note. However, the proceeds of that sale did not satisfy any of the debt from the junior lien, the wraparound note at issue in this suit. Just as there was no foreclosure by the junior lienholder in *Mays*, so was there no foreclosure by Sherwood Lane in the instant case. *See id.*

We conclude that the statute of limitations for deficiency judgments is similarly inapplicable. While *Mays* dealt with a different subsection of the Property Code, we aim to harmonize the provisions in any statute and assign an undefined statutory term a meaning that is consistent throughout. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). *Mays*'s interpretation of the statute is thus relevant to our interpretation of section 51.003. Based on this analysis and the plain language of the statute, we conclude that Sherwood Lane was not seeking a deficiency judgment when it sued on the promissory note, and it was not subject to the statute of limitations for deficiency judgments. *See* TEX. PROP. CODE § 51.003; *PlainsCapital Bank*, 459 S.W.3d at 555; *Mays*, 150 S.W.3d at 900.

The appellants attempt to distinguish *Mays* on the basis that it dealt with a different subsection of the Property Code. *Mays*, 150 S.W.3d at 900. However, *Mays* is factually similar and contains a relevant interpretation of what is and is not considered a deficiency after foreclosure under section 51.002 of the Property Code, which is also the basis of deficiency judgments under section 51.003. *See id.* at 899–900; *see also* TEX. PROP. CODE §§ 51.002–.003.

Sherwood Lane asserts that section 3.118 of the Texas Business and Commerce Code was the appropriate statute of limitations. We agree. Section 3.118 states that an action to enforce a promissory note "must be commenced within six years after the due date . . . stated in the note, or if a due date is accelerated, within six years after the accelerated due date." TEX. BUS. & COM. CODE § 3.118(a). The due date stated in the wraparound note was June 1, 2011. This means that the statute of limitations for this case was June 1, 2017, because there is no evidence that the note was accelerated. Sherwood Lane filed suit on June 5, 2014, which was within the statute of limitations. *See id.*

We overrule appellants' fourth issue.

## V.    Affirmative defenses

The appellants raised the affirmative defenses of fraud, fraudulent inducement, and fraud in a real estate transaction. In their fifth issue, they claim that this created a question of material fact that should have barred summary

judgment. When a defendant wishes to assert an affirmative defense to defeat summary judgment on the plaintiff's claim, he must present sufficient evidence to create a fact issue on each element. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Anglo–Dutch Petroleum Int'l, Inc. v. Haskell*, 193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).

The appellants argue that Sherwood Pines made misrepresentations that the promissory note holder would not have recourse to them personally, and that this constituted fraudulent inducement because they would not have signed the note if they knew they would be personally liable. Sherwood Lane responds that the terms of the note contradicted any oral representations. The note also included a merger clause expressly disavowing such representations, which prevented the appellants from justifiably relying on alleged extra-contractual representations.

To prevail on a defense of fraudulent inducement, a party must establish the elements of fraud "as they relate to an agreement between the parties." *Haase v. Glazner*, 62 S.W.3d 795, 798–99 (Tex. 2001). Fraud requires "a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury." *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.

1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)).

The "recipient of a fraudulent misrepresentation is not justified in relying upon its truth if he knows that it is false or its falsity is obvious to him." *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 425 (Tex. 2015) (quoting Restatement (Second) of Torts § 541 (1977)). A failure to exercise reasonable diligence to review a written agreement that directly contradicts an oral representation can render reliance on the oral representations unjustifiable. *See id.* at 424; *Miller Global Props., LLC v. Marriott Int'l Inc.*, 418 S.W.3d 342, 350 (Tex. App.—Dallas 2013, pet. denied).

The Supreme Court of Texas has held that this is particularly true when the only alleged fraudulent inducement is "a representation to a maker, or surety, by the payee that he will not be liable." *Town N. Nat. Bank v. Broaddus*, 569 S.W.2d 489, 491 (Tex. 1978). When the alleged fraudulent inducement is a representation that the maker would not be liable on the note, there must be "a showing of some type of trickery, artifice, or device employed by the payee in addition to the showing that the payee represented to the maker he would not be liable on such note." *Id.* at 494.

Without such evidence of trickery, the parol evidence rule operates to exclude evidence of prior representations that a maker would not be liable on a

promissory note, even for tort claims such as fraudulent inducement. *See id.* at 491.

The parol evidence rule is a rule of substantive law that bars a court from considering evidence that violates it, even if that evidence is admitted without objection. *Hubacek v. Ennis State Bank*, 159 Tex. 166, 317 S.W.2d 30, 32 (1958); *Jarvis v. K & E Re One, LLC*, 390 S.W.3d 631, 638 (Tex. App.—Dallas 2011, no pet.).

In this case, the appellants' evidence of fraudulent inducement was presented through affidavits from the makers, an affidavit from the broker who represented them, and a copy of the sales contract that was executed at the same time as the note. The appellants claim that this extrinsic evidence raises an issue of material fact as to whether they would be personally liable on the note. However, as established in *Broaddus*, that extrinsic evidence is barred by the parol evidence rule. *See* 569 S.W.2d at 491. The appellants have not brought forward any evidence of "trickery, artifice, or device" in addition to the alleged oral misrepresentation that would allow the trial court to consider that extrinsic evidence. *Id.*

Sherwood Lane did not preserve its objection to the affidavits and sales contract by obtaining a ruling from the trial court. *See Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990); *Hung Tan Phan v. An Dinh Le*, 426 S.W.3d 786, 792 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

However, because the parol evidence rule is a substantive rule rather than one of form, we nevertheless may consider it on appeal. *See Hubacek*, 317 S.W.2d at 32. Accordingly, we conclude that the appellants' evidence of an alleged misrepresentation that they would not be liable on the note was parol evidence that was inadmissible as a matter of law. *See Broaddus*, 569 S.W.2d at 491. Without this evidence, the appellants have not raised an issue of material fact regarding their alleged affirmative defenses of fraud, fraudulent inducement, and fraud in a real estate transaction. *See Brownlee*, 665 S.W.2d at 112.

We overrule the appellants' fifth issue.

## Conclusion

We conclude that there was sufficient summary-judgment evidence to establish Sherwood Lane's right to summary judgment as a matter of law. We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Jennings, Massengale, and Huddle.