**Petition for Writ of Mandamus Conditionally Granted and Memorandum Opinion filed January 12, 2018.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-18-00019-CV**

---

**IN RE PAUL SIMPSON, Relator**

---

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1103791**

---

## MEMORANDUM OPINION

On January 8, 2018, relator Paul Simpson filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable George Barnstone, presiding judge of the Harris County Civil Court at

Law No. 1, to vacate his First Amended Temporary Restraining Order ("Amended TRO"). This order directs Paul Simpson, the Chairman of the Harris County Republican Party, and Stan Stanart, the Harris County Clerk (collectively, "Defendants"), to reinstate Paul Coselli's name on the March 2018 Republican Primary Ballot as a candidate for the 281st District Court of Harris County, and restrains Defendants from removing Coselli's name from the ballot. Because the county court lacks subject-matter jurisdiction, the Amended TRO is void. We therefore conditionally grant the petition for writ of mandamus.

## FACTUAL AND PROCEDURAL BACKGROUND

Coselli alleges that on December 19, 2017, Simpson, in his capacity as Chairman of the Harris County Republican Party, accepted Coselli's application to be on the Republican primary ballot and his filing fee of $2,500.

Also on December 19, Sylvia Matthews filed a challenge to Coselli's application, alleging that Coselli's application and supporting petitions were defective for various reasons. At the Harris County Republican Party's request, Coselli filed a response to Matthews's challenge. Simpson rejected Coselli's application on December 29, 2017.

On January 2, 2018, Coselli filed suit in Harris County Civil Court at Law No. 1 against Simpson, as the chairman of the Harris County Republican Party, and Stan Stanart, the Harris County Clerk, seeking a temporary restraining order and temporary and permanent injunctions restraining and enjoining Simpson from removing Coselli from the Republican primary ballot. In his petition, Coselli also

2

asserts claims for fraud in the inducement and money had and received, seeking actual damages of $2,500 (which Coselli paid as a filing fee) as well as exemplary damages.[1]

On January 2, 2018, Coselli sought and obtained a temporary restraining order that that restrained Simpson and the Harris County Republican Party from removing Coselli's name from the Republican primary ballot (the "TRO"). On January 5, Coselli filed a motion to modify the TRO. On January 8, the county court signed the Amended TRO, which directed both Defendants to reinstate Coselli on the March 2018 Republican Primary Ballot and restrained Defendants from removing Coselli's name from the ballot. A hearing on the request for temporary injunction is set for January 16, 2018.

## MANDAMUS STANDARD

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if the trial court clearly fails to analyze the law correctly or apply the law correctly to

---

[1] In responding to the mandamus petition, Coselli attaches a First Amended Petition that he filed in the county court on January 10, 2018. We do not consider this amended petition because it was not before the county court when it issued the Amended TRO challenged in this mandamus proceeding. *See Axelson, Inc. v. Mcllhany*, 798 S.W.2d 550, 556 n.9 (Tex. 1990) (orig. proceeding); *In re McDonald*, 424 S.W.3d 774, 781 (Tex. App.—Beaumont 2014, orig. proceeding); *In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding).

the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). A trial court does not have the discretion to make an erroneous legal conclusion even in an unsettled area of law. *See Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996).

When an order is void, the relator need not show the relator lacks an adequate appellate remedy, and mandamus relief is appropriate. *In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding). An order is void if the court rendering it had no jurisdiction of the subject-matter jurisdiction. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). Whether a pleader has alleged facts that demonstrate a trial court's subject-matter jurisdiction is a question of law reviewed de novo. *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016).

## ANALYSIS

Simpson argues, among other things, that the Amended TRO is void because the county court was without subject-matter jurisdiction to grant injunctive relief. For the following reasons, we agree.

The Texas Election Code provides that "[a] person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring." Tex. Elec. Code Ann. § 273.081 (West 2010). But this section does not specify that such relief may be obtained appropriately from a statutory county court. Unlike district courts, constitutional and statutory county courts are courts of limited subject-matter jurisdiction. Although county courts have the express power to issue

4

writs of injunction,[2] they lack jurisdiction to do so unless they have jurisdiction over the controversy, either because of the subject matter or because of the amount in controversy. *Medina v. Benkiser*, 262 S.W.3d 25, 27 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *Repka v. Am. Nat. Ins. Co.*, 143 Tex. 542, 186 S.W.2d 977, 980–81 (1945); *In re Burlington N. & Santa Fe Ry.*, 12 S.W.3d 891, 898 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding)). As one of our sister courts has explained, "[t]he power to issue mandamus or equitable relief, as exercised by county courts, must be conferred by a statutory grant [of jurisdiction]; usually the plaintiff must rely on the county court's concurrent jurisdiction and plead an amount in controversy sufficient to trigger the county court's jurisdiction." *Martin v. Victoria Indep. Sch. Dist.*, 972 S.W.2d 815, 818 (Tex. App.—Corpus Christi 1998, pet. denied). Section 273.081 does not itself grant a statutory county court jurisdiction to hear a controversy regarding an alleged violation of the Election Code. *See Medina*, 262 S.W.3d at 27–28.

Coselli attempted to confer jurisdiction on the county court by also alleging claims for fraud in the inducement and money had and received, seeking actual damages in the amount of Coselli's $2,500 filing fee. *See* Tex. Gov't Code Ann. § 25.003(c)(1) (West Supp. 2017) (granting statutory county courts concurrent jurisdiction over civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000, exclusive of items including punitive damages and attorney's fees). We conclude, however, that the county court also lacks jurisdiction

---

[2] *See, e.g.,* Tex. Gov't Code Ann. § 25.0004(a) (West Supp. 2017); Tex. Civ. Prac. & Rem. Code Ann. § 65.021(a) (West 2008).

5

over Coselli's claims seeking damages for fraud in the inducement and money had and received because those claims are not yet ripe.

Ripeness is a component of subject-matter jurisdiction, and therefore it is a threshold issue that may be examined by a court for the first time on appeal. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *Hung Tan Phan v. An Dinh Le*, 426 S.W.3d 786, 792 (Tex. App.—Houston [1st Dist.] 2012, no pet.). The ripeness doctrine "emphasizes the need for a concrete injury for a justiciable claim to be presented." *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000). Under the ripeness doctrine, courts consider whether, at the time a lawsuit is filed, the facts are developed sufficiently "so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Id*. (quoting *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc*., 971 S.W.2d 439, 442 (Tex. 1998)). Thus, in conducting a ripeness analysis, we inquire whether the case involves "uncertain or contingent future events that may not occur as anticipated or may not occur at all." *Id*. at 852. A case is not ripe if determining whether the plaintiff has a concrete injury depends upon contingent events or events that have not yet occurred. *Id*.

Section 141.038(a)(3) of the Election Code provides that a filing fee paid in connection with a candidate's application for a place on the ballot shall be refunded if "the candidate's application for a place on the ballot is determined not to comply with the requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the ballot." Tex. Elec. Code Ann. § 141.038(a)(3) (West 2010). "A claim for a refund of a filing fee must be presented to the authority with whom the candidate's application for a place on the ballot is filed." *Id.*

6

§ 141.038(b). "A filing fee may not be refunded except as provided by this section." *Id*. § 141.038(c).

Because a filing fee may not be refunded except as provided by section 141.038, the presentment of a claim for refund of a filing fee to the appropriate authority is a condition precedent to relief on any claim seeking the filing fee as damages. Coselli is still attempting to get his name on the ballot, which was the point of the Amended TRO; thus, it is unsurprising that he has not alleged presentment of a claim to Simpson for a refund of his filing fee. Accordingly, Coselli has not yet suffered any concrete injury arising from his alleged causes of action for fraud in the inducement and money had and received; any injury related to the $2,500 filing fee is contingent on Coselli presenting his claim for a refund to Simpson and Simpson refusing a refund. We therefore hold that Coselli's claims seeking damages for fraud in the inducement and money had and received are not ripe, and the county court lacks subject-matter jurisdiction over these claims. *See Gibson*, 22 S.W.3d at 851–52. When the county court granted the Amended TRO, the court did not have jurisdiction over the controversy based on either subject matter or the amount in controversy. Therefore, the county court lacked jurisdiction to grant injunctive relief when it issued the Amended TRO. *See Medina*, 262 S.W.3d at 27.

## CONCLUSION

Because the county court lacked jurisdiction to grant injunctive relief when it issued the Amended TRO, the Amended TRO is void and Simpson is entitled to mandamus relief. We therefore conditionally grant the petition for writ of mandamus

7

as follows: we direct the county court to vacate its Amended TRO and dismiss as unripe Coselli's claims for fraud in the inducement and money had and received.

We are confident the county court will act in accordance with this opinion. The writ of mandamus shall issue only if the county court fails to do so.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Busby and Jewell.