**Barney B. ARNOLD, Appellant,**

v.

**Sue Arnold EATON, Appellee.**

No. 11–94–183–CV.

Court of Appeals of Texas,
Eastland.

Nov. 9, 1995.

Rehearing Overruled Dec. 7, 1995.

Chad Williams, Seymour, for appellant.

Sam J. Chase, Abilene, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

## OPINION

ARNOT, Chief Justice.

At issue in this case is the validity of a lien on appellant's real property. Barney B. Arnold and Sue Arnold Eaton were divorced in June 1983 in Jones County. As part of the property settlement, the court awarded appellee $20,000.00 and secured this amount by an equitable lien against the parties' home-

stead in Knox County. Appellant was to pay the $20,000.00 by September 1, 1983. The final divorce decree provided that, if the debt was not paid, the property was to be sold.

■ In February 1993, appellee filed a motion to enforce the property award in Jones County because appellant was in default on the secured debt. In June 1994, the trial court granted appellee a partial summary judgment on all issues except for the amount of money due on the debt. The amount of debt was tried to the court. The court determined that appellant owed appellee $10,000.00 on the debt, plus $8,445.73 in interest. In August 1994, the trial court granted final judgment for $18,445.73, ordered foreclosure of appellee's lien, and awarded attorney's fees. In November 1994, the court issued an agreed modified order correcting the description of the real property subject to the foreclosure.[1]

In three points of error, appellant argues that appellee's motion to enforce the property award was barred by the statute of limitations, that the trial court improperly denied his motion to transfer venue, and that the trial court erred in granting appellee's motion for summary judgment.

■ In his first point of error, appellant argues that appellee's motion to enforce the property award was barred by the limitations period in TEX.FAM.CODE ANN. § 3.70(c) (Vernon 1993). Section 3.70(c) provides:

A motion to enforce the division of *tangible personal property* in existence at the time of the decree must be filed within a period of two years after the decree was signed or becomes final after appeal, whichever is the later, or the suit is barred. (Emphasis added)

The original divorce decree awarded appellee a debt of $20,000.00 and secured that debt by a lien. Appellee's suit for enforcement sought to reduce the unpaid debt to a money judgment. See TEX.FAM.CODE ANN.

§ 3.74 (Vernon 1993). Neither the debt nor the lien is tangible personal property.[2] Appellant's first point of error is overruled.

■ In his second point of error, appellant argues that the trial court erred in overruling his motion to transfer venue. Appellant contends that venue is proper in Knox County, the location of the real property and the county of appellant's residence, citing TEX. CIV.PRAC. & REM.CODE ANN. §§ 15.011, 15.001 (Vernon 1986), respectively. However, suits for enforcement may be brought in the county in which the court that rendered the decree is located. TEX.FAM.CODE ANN. § 3.70(a) (Vernon 1993); TEX.CIV. PRAC. & REM.CODE ANN. § 15.038 (Vernon 1986). Because venue in this case is permissive, we overrule appellant's second point of error.

■ In his third point of error, appellant complains that the trial court erroneously granted a partial summary judgment. Appellant does not challenge the validity of the $18,445.73 money judgment. Appellant argues that there is a material fact issue as to whether appellee's equitable lien was extinguished by a subsequent foreclosure of a prior lien.

■ In reviewing a summary judgment, we must adhere to the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

TEX.R.CIV.P. 166a; *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–549 (Tex.1985).

1. We note that the court's second order appears to be after the court lost plenary power. However, appellant did not receive notice of the judgment until September 26, 1994. Therefore, the period for the court's plenary power to modify the judgment began on that date. See TEX. R.CIV.P. 306a(1) and (4).

2. Section 3.70(c) does not apply to relief sought under Section 3.74. *Bowden v. Knowlton*, 734 S.W.2d 206, 208 (Tex.App.—Houston [1st Dist.] 1987, no writ).

**184**

The summary judgment evidence conclusively shows that appellee's prior lien was extinguished. The evidence shows that, on February 17, 1977, appellant and appellee gave a deed of trust lien to Olney Savings (AmWest Savings). On June 16, 1983, in its final divorce decree, the court awarded appellee an equitable lien on the property to secure payment of the debt. On June 2, 1992, AmWest posted notice and foreclosed its deed of trust lien on the property. At that time, the legal and equitable title to the property merged. See *Flag–Redfern Oil Company v. Humble Exploration Company*, 744 S.W.2d 6 (Tex.1987). Accordingly, appellant and appellee were divested of title to the property, and appellee's equitable lien was extinguished. Following the valid foreclosure of a senior lien, junior liens, if not satisfied from the proceeds of sale, are extinguished. *National Western Life Insurance Company v. Acreman*, 425 S.W.2d 815 (Tex. 1968); *Mortgage and Trust, Inc. v. Bonner & Company, Inc.*, 572 S.W.2d 344 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). On December 18, 1992, AmWest conveyed the property to appellant.

At oral argument, appellee argued that the summary judgment evidence shows that the foreclosure sale was set aside by a subsequent suit. We disagree. The summary judgment evidence does not indicate that the trustee's deed was set aside. Rather, the summary judgment evidence shows that AmWest foreclosed the deed of trust lien, received a trustee's deed, and subsequently deeded the property to appellant. There is no summary judgment evidence that appellant renewed or extended the old deed of trust. Therefore, based on the summary judgment evidence, appellee's equitable lien was cut off.

Next, appellee argues that, under appellant's point of error as stated, appellant may not raise the issue that her lien was extinguished. We disagree.

Appellant's third point of error states:

The trial court erred in granting appellee's motion for summary judgment and entering a partial summary judgment due to the fact there is a material question of fact concerning whether or not appellee's equitable lien attached to appellant's homestead.

A point of error is sufficient if it directs the attention of the appellate court to the error about which complaint is made. TEX. R.APP.P. 74(d); *Anderson v. Gilbert*, 897 S.W.2d 783 (Tex.1995). A point of error need not be complete within itself; the court will look to the point and also to the statement and argument thereunder to determine the question of reversible error. *Fambrough v. Wagley*, 169 S.W.2d 478, 482 (Tex.1943).

Finally, appellee argues that, even if her June 1983 lien was extinguished, the trial court had the authority to impose a new lien on the property. Again, we disagree. The property in question was acquired after the divorce. Therefore, it is the separate property of appellant. A trial court cannot impose an equitable lien on the separate property of a spouse. *Heggen v. Pemelton*, 836 S.W.2d 145 (Tex.1992). Appellant's third point of error is sustained.

Appellant did not move for summary judgment. Consequently, this court can only remand this case. We reverse the judgment of the trial court insofar as the judgment finds the existence of an equitable lien on the property and orders sale of the property to satisfy the court's money judgment, and we remand the cause.