William G. MAYS, II, Appellant,

v.

BANK ONE, N.A., Appellee.

No. 05–04–00245–CV.

Court of Appeals of Texas,
Dallas.

Dec. 10, 2004.

Grady R. Thompson, McWilliams & Thompson, P.C., McKinney, for Appellant.

Martin Wiorda, Lynn Warren Schleinat, Jones Allen & Fuquay, LLP, Dallas, for appellee.

Before Justices O'NEILL, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG.

William Mays appeals a summary judgment rendered against him, and in favor of Bank One, on Bank One's promissory note and guaranty claims. In one issue, Mays contends that the trial court erred in granting the motion for summary judgment since material issues of fact exist. Specifically, Mays argues he is entitled to a determination by the trial court of the fair market value of real property securing the promissory note debt, pursuant to Texas Property Code section 51.005. This analysis is complicated by the fact that Bank One did not foreclose on its lien on the real estate. Rather, the foreclosure was by a prior lien holder, and no proceeds of the sale flowed to Bank One as the junior lien holder. For the reasons set out below, we decide Mays' issue against him, and affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May 2001, Mays–Frankum Enterprises [1] executed a promissory note for $875,000.00, payable to the order of Bank One. The note was supported by Commercial Guaranty Agreements executed by Max Frankum [2] and Mays. Later, the debt was restructured, and Bank One was granted a second lien, pursuant to a deed of trust, upon certain real property in Collin County. Bank of America held the first lien against that same real property. Bank One's note matured and was not paid. Bank of America's note was also in default, and it proceeded with foreclosure of its first lien. The foreclosure satisfied only Bank of America's debt. No proceeds were left for Bank One. Accordingly, Bank One filed suit on the promissory note and guaranty against Mays, Frankum, and Mays–Frankum Enterprises. The trial court granted Bank One's motion for summary judgment, holding Mays, Frankum and Mays–Frankum Enterprises jointly and severally liable for the amount due on the note.

In connection with his point on appeal, Mays tells us that when Bank of America foreclosed on its first lien, the real estate was sold for only forty percent of the property's fair market value. Mays contends that, pursuant to section 51.005, he is entitled to a determination of the property's fair market value in order to calculate an offset for some or all of the amount owed on Bank One's note and guarantys. Accordingly, it is Mays' position that a material issue of fact exists which precludes the granting of Bank One's summary judgment motion.

## II. ENTITLEMENT TO A DETERMINATION OF FAIR MARKET VALUE

Mays claims that Texas Property Code section 51.005 provides him the right to have the property's fair market value determined in order to calculate an offset against the claimed deficiency. We disagree.

### A. Propriety of Motion for Summary Judgment When Defense Not Plead

Bank One contends that Mays did not plead section 51.005 as an affirma-

---

1. Mays–Frankum Enterprises was a co-defendant below, but is not a party to this appeal.

2. Max Frankum was a co-defendant below, but is not a party to this appeal.

tive defense. As such, it is argued that Mays could not raise the issue in appealing Bank One's motion for summary judgment. Texas Rule of Civil Procedure 94 provides that when pleading to a preceding pleading, a party shall set forth affirmatively any matters constituting an avoidance or affirmative defense. TEX.R. CIV. P. 94. The right to an offset is an affirmative defense. The burden of pleading and proving facts necessary to support an affirmative defense of offset rests on the party making the assertion. *Brown v. American Transfer and Storage Co.,* 601 S.W.2d 931, 936 (Tex.1980); *see also Columbia Medical Center of Las Colinas v. Bush ex rel Bush,* 122 S.W.3d 835, 862 (Tex.App.-Fort Worth 2003, pet. denied) ("Regardless of the merits of Appellant's argument that they are entitled to an offset, because they did not plead an affirmative defense of offset, this issue is waived."). Also, Rule 95 requires the party claiming the defense of payment to "file with his plea an account stating distinctly the nature of such payment, ... failing to do so, he shall not be allowed to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof." TEX.R. CIV. P. 95; *Rea v. Sunbelt Sav., FSB, Dallas Tex.,* 822 S.W.2d 370, 372 (Tex.App.-Dallas 1991, no writ).

Mays did not raise as an affirmative defense the right to an offset upon a determination of the property's fair market value, pursuant to Texas Property Code section 51.005. Furthermore, he did not file an account stating what credits and offsets he relied on in asserting payment. Mays did not specifically deny the amounts sought by Bank One, nor did he claim payment. Instead, Mays affirmatively claimed only estoppel, promissory estoppel, duress, and coercion. In response to Bank One's motion for summary judgment, Mays claimed only that he was enti-

tled to a determination of the fair market value, and a determination of any offset, pursuant to property code section 51.003. That section is materially different from section 51.005. We conclude Mays did not properly raise the defense he now argues. Nevertheless, we will determine whether Texas Property Code section 51.005 is applicable to the claims brought by Bank One.

### B. Applicability of Section 51.005

In its suit for recovery of the balance due on a promissory note and guaranty agreements, Bank One made no claim to a lien on real property, nor did it claim partial payment by foreclosure on any collateral. It was Bank of America that foreclosed its first lien on the real property against which Bank One held a second lien deed of trust. Bank of America was the successful bidder, yet its bid was sufficient only to satisfy its debt. Mays asserts that Bank of America's bid was approximately forty percent of the property's fair market value. In his response to Bank One's motion for summary judgment, Mays contends that "... since the property was not sold for an amount sufficient to cover both the first and second lien, there is a deficiency."

#### 1. Applicable Law

 In determining a statute's meaning and application, "our primary objective is to determine and give effect to the Legislature's intent." *Neal v. SMC Corp.,* 99 S.W.3d 813, 815 (Tex.App.-Dallas 2003, no pet.); *McIntyre v. Ramirez,* 109 S.W.3d 741, 745 (Tex.2003). In doing so, we start with the "plain and common meaning of the statute's words." *Id.* (quoting *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2000)). If the statutory language is unambiguous, we will interpret the statute

according to its plain meaning. *Id.* We will not give an undefined term a meaning that is out of harmony or inconsistent with the other provisions in the statute. *Id.*

Chapter 51 of the Texas Property Code pertains to the sale of real property "under a power of sale conferred by a deed of trust or other contract lien" by "public sale at auction" or by judicial foreclosure. TEX. PROP.CODE ANN. §§ 51.002(a), 51.004 (Vernon 1995). Under section 51.002, notice of the time and place of sale must be sent "by the holder of the debt" to "each debtor who ... is obligated to pay the debt." *Id.* at § 51.002(b)(3).

Section 51.005(c) applies to foreclosures under section 51.002, and provides a mechanism for determining the offset, if any, against the unpaid debt secured by that property where the property's fair market value exceeds the price for which the property was sold at foreclosure. In two pivotal places in section 51.005, reference is made to the term "deficiency."

Section 51.005(c) provides:

> If the finder of fact determines that the fair market value is greater than the sale price of the real property at the foreclosure sale, the persons obligated on the indebtedness, including guarantors, are entitled to an offset against the *deficiency* in the amount by which the fair market value, less the amount of any claim, indebtedness, or obligation of any kind that is *secured by a lien or encumbrance on the real property that was not extinguished by the foreclosure,* exceeds the sale price. If no competent evidence of fair market value is introduced, the sale price at the foreclosure sale shall be used to compute the *deficiency.*

TEX. PROP.CODE ANN. § 51.005(c) (emphasis added).

We recognize the well-established rule that following the valid foreclosure of a senior lien, junior liens, if not satisfied from the proceeds of sale, are extinguished. *Nat'l W. Life Ins. Co. v. Acreman,* 425 S.W.2d 815, 817 (Tex.1968); *Conseco Finance Servicing Corp. v. J & J Mobile Homes, Inc.,* 120 S.W.3d 878, 883 (Tex.App.-Fort Worth 2003, pet. denied); *Arnold v. Eaton,* 910 S.W.2d 181, 184 (Tex. App.-Eastland 1995, no writ); *Houston Inv. Bankers Corp. v. First City Bank,* 640 S.W.2d 660 (Tex.App.-Houston [14th Dist.] 1982, no writ). That rule is implicated here.

### 2. Discussion

Mays seeks to impose the deficiency calculation provided for in section 51.005(c) upon Bank One, based upon a foreclosure sale conducted by Bank of America. Mays does not contend that Bank One or any creditor other than Bank of America instituted a foreclosure action against the subject real estate. It is plain then that the only foreclosure was of the lien held by Bank of America.

The language of section 51.005(c) makes it clear that the calculation of a "deficiency" includes only a lien or encumbrance on the real property "that *was not extinguished* by the foreclosure." *See* TEX. PROP.CODE ANN. § 51.005(c) (emphasis added). It is without question that Bank One's debt, which was secured by a second lien to that of Bank of America, remained wholly unsatisfied from the proceeds of the foreclosure sale conducted by Bank of America. By operation of law, Bank One's second lien was extinguished when Bank of America foreclosed on its senior lien.

### CONCLUSION

The plain language of section 51.005 does not apply to debt secured by liens that were extinguished by a foreclosure.

That provision is inapplicable to this claim brought by Bank One against Mays. We decide against Mays on his sole issue, and affirm the trial court's judgment.