**Affirmed and Memorandum Opinion filed May 8, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-11-00485-CV

### CARL POSTON AND SHEREA POSTON, Appellants

### V.

### WACHOVIA MORTGAGE CORPORATION, Appellee

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2008-13692A**

## M E M O R A N D U M   O P I N I O N

Appellants, Carl Poston and Sherea Poston, appeal a summary judgment in favor of appellee, Wachovia Mortgage Corporation, on its counterclaim, rendered after the Postons non-suited their original claims. In their sole issue, the Postons contend the trial court lacked subject matter jurisdiction to adjudicate the counterclaim. We affirm.

### I. BACKGROUND

To finance the purchase of certain real property, the Postons executed a promissory note in the amount of $930,500 and a deed of trust securing payment of the note. On the same day, the Postons executed a second promissory note in the amount of

$531,500 relative to a transaction which the Postons characterize as the "second mortgage (junior lien)" on the property.[1] Wachovia became successor-in-interest to both notes. According to Wachovia, the Postons were eventually delinquent in their mortgage payments. Therefore, Wachovia accelerated payments due under the first note, conducted a non-judicial foreclosure, and sold the property. The next day, the Postons sued Wachovia, among other defendants, alleging various causes of action, including wrongful foreclosure.

Wachovia filed a counterclaim, alleging default on the second note and seeking amounts due thereunder, including principal, interest, and late fees. Subsequently, the Postons non-suited all of their claims against Wachovia. Wachovia then filed a motion for summary judgment on its counterclaim. On August 17, 2009, the trial court signed a summary judgment, ordering that the Postons pay $558,879.20 to Wachovia. The Postons filed a motion for reconsideration or, alternatively, plea to the jurisdiction, which the trial court denied by written order.[2] On May 3, 2011, the trial court signed an order severing Wachovia's counterclaim from the Postons' remaining claims against other defendants, thereby rendering the summary judgment a final judgment.

## II. ANALYSIS

In their sole issue, the Postons contend the trial court lacked subject matter jurisdiction to adjudicate the counterclaim because the Postons non-suited their own

---

[1] The record does not include a deed of trust or other instrument securing payment of the second note. However, Wachovia does not dispute the Postons' description of this transaction contained in the "Statement of Facts" section of their appellate brief. *See* Tex. R. Civ. App. 38.1(g) (providing that appellate court accepts as true facts asserted in "Statement of Facts" section of appellant's brief unless controverted by another party).

[2] The motion for reconsideration and plea to the jurisdiction are not included in the appellate record, although the Postons attach this document to their appellate brief. With limited exceptions, we may not consider matters outside the appellate record, and attachment of documents as appendices to an appellate brief does not constitute formal inclusion in the record. *Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Nevertheless, because subject-matter jurisdiction may be raised for the first time on appeal, we will consider the jurisdictional arguments advanced in the Postons' brief regardless of whether they were presented to the trial court in the plea. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

claims before the trial court rendered summary judgment on the counterclaim. We disagree.

A non-suit does not affect any pending claims for affirmative relief. Tex. R. Civ. P. 162; *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). After a non-suit, a trial court retains jurisdiction over any remaining counterclaims. *The Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010); *see* Tex. R. Civ. P. 162. Therefore, the mere fact that the Postons non-suited their claims did not deprive the trial court of jurisdiction to render summary judgment on Wachovia's pending counterclaim.

Nevertheless, the Postons contend that the non-suit rendered the counterclaim "legally moot." Under the mootness doctrine, a court lacks subject matter jurisdiction to render an advisory opinion in a case where no live controversy exists. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000); *Robinson v. Alief Indep. Sch. Dist.*, 298 S.W.3d 321, 324–25 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (citing *Camarena v. Tex. Emp't Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988)).

The Postons argue that Wachovia's counterclaim became moot because its junior lien was extinguished upon foreclosure of the superior deed-of-trust; therefore, Wachovia's junior lien would have been revived only if the Postons had prevailed on their original claim to set aside the alleged wrongful foreclosure, but their non-suit precluded this possibility. We question that the Postons' contention may be construed as an argument the counterclaim was moot rather than simply a challenge to the merits of Wachovia's counterclaim, which the Postons waived by failing to respond to Wachovia's motion for summary judgment. *See City of Houston v. Clear Creek Basis Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (holding that, except for attack on legal sufficiency of grounds expressly raised in motion for summary judgment, non-movant must expressly present to the trial court any reasons for avoiding movant's entitlement to summary judgment).[3] Regardless, even if the Postons' contention pertains to the trial court's jurisdiction, we conclude the argument lacks merit.

---

[3] The record includes no response to Wachovia's motion for summary judgment on the counterclaim, and the Postons do not assert that they filed any response.

The Postons cite only cases holding that foreclosure on a senior lien against property extinguishes a junior lien, if not satisfied from proceeds of the sale, and the purchaser at the sale acquires the property free of any such junior lien. *See Nat'l W. Life Ins. Co. v. Acreman*, 425 S.W.2d 815, 817–18 (Tex. 1968); *Mortgage & Trust, Inc. v. Bonner & Co.*, 572 S.W.2d 344, 352 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.); *see also Mays v. Bank One, N.A.*, 150 S.W.3d 897, 900 (Tex. App.—Dallas 2004, no pet.); *Conseco Fin. Serv. Corp. v. J & J Mobile Homes, Inc.*, 120 S.W.3d 878, 883 (Tex. App.—Fort Worth 2003, pet. denied). The Postons cite no authority supporting the proposition that, upon foreclosure on a senior lien and extinguishment of a junior lien, the borrower is relieved of his obligation to repay the debt which was secured by the junior lien. To the contrary, "'[i]t is . . . well settled . . . that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable . . . .'" *Stephens v. LPP Mortgage, Ltd.*, 316 S.W.3d 742, 746 (Tex. App.—Austin 2010, pet. denied) (quoting *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935)). Therefore, when a junior lien is extinguished by foreclosure on a superior lien, the unpaid portion of the loan that was secured by the junior lien merely becomes an unsecured debt for which the lender may obtain a money judgment. *See id.*; *see also Diversified Mortgage Investors v. Lloyd D. Blaylock Gen. Contractor, Inc.*, 576 S.W.2d 794, 808 (Tex. 1978); *Wesley v. Amerigo, Inc.*, No. 10-05-00041-CV, 2006 WL 22213, at *3–4 (Tex. App.—Waco Jan. 4, 2006, no pet.) (mem. op.). Consequently, Wachovia's right to obtain a money judgment based on the Postons' failure to repay the second note was not eliminated by foreclosure of the superior lien and extinguishment of the junior lien securing payment of the second note.

In their reply brief, the Postons also argue that Wachovia's counterclaim was barred under the election-of-remedies doctrine. To the extent this argument pertains to the trial court's jurisdiction and may be raised for the first time on appeal, the argument is apparently a rehash of the above-discussed mootness contention; the Postons posit that Wachovia waived any right to sue on the second note by electing to foreclose on the

superior lien because foreclosure extinguished the junior lien securing the second note. We reject this proposition for the same reasons we rejected the mootness contention.

In sum, the trial court had jurisdiction to grant summary judgment on the counterclaim. Accordingly, we overrule the Postons' sole issue and affirm the trial court's judgment.

/s/      Charles W. Seymore
Justice

Panel consists of Justices Seymore, Boyce, and Mirabal.[4]

---

[4] Senior Justice Margaret Garner Mirabal sitting by assignment.