**Reverse and Remand in part; Affirmed in part and Opinion Filed August 8, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00336-CV

## IN THE INTEREST OF S.H., A CHILD

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-52051-02**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Bridges

Mahbub Hussain appeals the trial court's judgment and ordering him to pay past-due child support, interest, and attorney's fees. In five issues, Hussain argues the trial court abused its discretion in (1) signing an order enforcing child support that did not comply with sections 157.166 and 157.262 of the family code; (2) awarding post-judgment interest on child support and attorney's fees that deviated from sections 157.265 and 304.003 of the family code, respectively; (3) confirming interest on a prior child-support judgment that exceeded the interest allowed by section 157.265 of the family code; (4) failing to make findings regarding specific dates of delinquent child support, confirming a larger child-support arrearage than he was originally ordered to pay, and confirming more prejudgment interest than allowed by section 157.265 of the family code; and (5) reconfirming an attorney's fee judgment when the judgment had become dormant. We reverse the portion of the trial court's judgment applying a five-percent interest rate to interest on child support arrearages and a six-percent interest rate to interest on attorney's fees

and remand for a recalculation of interest at the proper rate. In all other respects, we affirm the trial court's judgment.

On February 14, 2003, the trial court signed the final divorce decree between Hussain and his wife, Shamimun Nahar. Among other things, the divorce decree ordered Hussain to pay $744 per month in child support. Child support payments were to begin January 1, 2003 and continue until the child turned eighteen in 2010. Hussain never made any child support payments.

Following a hearing in July 2005, the trial court entered an order of contempt and enforcement against Hussain. The order held Hussain in contempt of the divorce decree and ordered Hussain to be confined in county jail for six months. However, the order allowed that Hussain could purge himself of contempt and remain out of jail if he paid $744 per month in child support and an additional $300 per month toward the arrearage of $21,576.

On August 15, 2005, the trial court signed a memorandum appointing Hussain temporary managing conservator of the child and temporarily suspending Hussain's child support obligation. The memorandum provided that these temporary orders would expire in thirty days unless appropriate motions to modify were filed. On September 2, 2005, the trial court lifted the August 15, 2005 memorandum and set Nahar's application for temporary restraining orders for a hearing. On September 26, 2005, the trial court entered temporary orders appointing Hussain and a third party, Ruth Kossman, temporary joint managing conservators and appointing Nahar as temporary possessory conservator. Nahar and Hussain were ordered to pay $250 each in child support directly to Kossman. On May 6, 2006, the trial court dismissed the case for want of prosecution.

On December 11, 2015, Nahar filed a motion for enforcement of the 2005 order of contempt and enforcement. That same day, Nahar filed a separate motion seeking to have Hussain held in contempt and placed in jail for six months. The motion also sought payment of $69,337.85 in past-due child support and attorney's fees. On March 3, 2016, Hussain filed an original answer

containing his statement that he has not been issued a driver's license or social security number, a general denial, and a prayer that Nahar take nothing.

At a trial before the court on May 13, 2016, the trial judge determined that he lacked the authority to hold Hussain in contempt but had the authority to render a judgment for unpaid child support. Nahar's attorney offered evidence that Hussain owed $69,684.54 in unpaid child support and Nahar incurred $5000 in attorney's fees. At the conclusion of the trial, the trial judge orally awarded Nahar $69,684.54 in unpaid child support and $5000 in attorney's fees.

On October 28, 2016, Nahar filed a "motion to enter order of contempt and enforcement and judgment" seeking to have the trial court enter an order in conformity with its oral ruling at the May 13, 2016 hearing. Hussain filed an objection to the motion in which he argued Nahar did not have the child living with her after July 2005. Therefore, Hussain argued, the child support amount of $43,896 for the months between August 1, 2005 and August 1, 2010 were erroneous and unsupported by the facts. On December 28, 2016, the trial court held a hearing on the motion. At the hearing, Hussain's attorney reiterated the argument that the child did not live with Nahar after the summer of 2005 and argued that the judge at the May 13, 2016 hearing "lumped together all of the alleged unpaid child support for the period of 2005 through 2010, the date of the child's emancipation, when there was at least some evidence at that point that the child no longer lived with [Nahar]." The trial judge stated that, on a motion for entry of judgment, "all we're here to argue about is whether or not the draft [order] submitted by [Nahar's counsel] tracks what [the judge] ruled, not did [the judge] get it right."

Following the hearing, the trial court entered an "order of contempt and enforcement and judgment" that ordered Hussain to pay the following amounts: (1) $35,145.02 with interest of 5% per annum, representing "the original sum" plus interest; (2) $1283.57 with interest of 5% per annum, representing the "original judgment for attorney's fees" plus interest; (3) $69,684.54 with

–3–

interest of 6% per annum, representing arrearages accruing after July 22, 2005; and (4) $5000 with interest of 6% per annum, representing attorney's fees. This appeal followed.

In his first issue, Hussain argues the trial court abused its discretion and the enforcement order is voidable because it does not conform to provisions of chapter 157 of the family code. Specifically, Hussain complains the order does not include (1) the provisions of the order for which enforcement was requested, (2) the acts or omissions that are the subject of the order, and (3) the manner of Hussain's noncompliance as required by section 157.166(a) of the family code. Further, Hussain complains the order contains multiple child support judgments instead of one cumulative judgment as required by section 157.263(b) of the family code.

In a nonjury trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). The trial court is also the judge of the facts proved and the reasonable inferences to be drawn from those facts. *Id.* Generally, when a fact finder is presented with conflicting evidence, it may believe one witness and disbelieve others. *Id.* (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex.1986)). Most appealable issues in a family law case, including a trial court's confirmation of child support arrearages, are reviewed under an abuse of discretion standard. *Id.* A trial court's judgment is reversed only when it appears from the record as a whole that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990); *Beck*, 154 S.W.3d at 901.

Section 157.166(a) of the family code provides that an enforcement order must include the following:

(1) in ordinary and concise language the provisions of the order for which enforcement was requested;

(2) the acts or omissions that are the subject of the order;

(3) the manner of the respondent's noncompliance; and

–4–

(4) the relief granted by the court.

TEX. FAM. CODE ANN. § 157.166(a) (West 2014). Hussain argues the "enforcement order" in this case failed to comply with section 157.166(a) and is therefore void. In making this argument, Hussain points out that the order held Hussain in contempt of an "order signed July 7, 2005" and further cites the record for the proposition that no order was signed on July 7, 2005. Hussain complains this provision thus fails to identify an order for which enforcement was requested and is internally inconsistent with later portions of the order which clearly indicate the trial court was refusing to hold appellant in contempt.

The purpose of an enforcement order under section 157.166(a) is to notify the offender of how he has violated its provisions and how he can purge himself of contempt, to notify the sheriff so that he can carry out enforcement, and to provide sufficient information for an adequate review. *In re Levingston*, 996, S.W.2d 936, 938 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Thus, section 157.166(a) applies to cases in which a party is held in contempt and criminal proceedings are brought against him. *See id.* at 938-39. Hussain agrees that the order here clearly indicates the trial court was refusing to hold appellant in contempt, and we note the order states the trial court lacked jurisdiction to impose a term of community supervision under section 157.212 of the family code. Nothing in the order constituted an "enforcement order" under section 157.166(a) such that the failure to comply with section 157.166(a) rendered the order void. *See id.*

Instead, the order in question confirmed child support arrearages under section 157.263 of the family code, which provides as follows:

> (a) If a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of arrearages and render one cumulative money judgment.

> (b) A cumulative money judgment includes:

> (1) unpaid child support not previously confirmed;

(2) the balance owed on previously confirmed arrearages or lump sum or retroactive support judgments;

(3) interest on the arrearages; and

(4) a statement that it is a cumulative judgment.

TEX. FAM. CODE ANN. § 157.263 (West 2014). Hussain argues the order "simultaneously confirmed multiple child support judgments against [him] instead of the 'one cumulative' money judgment" required by section 157.263(a).

Hussain cites no authority for his characterization of the order as anything other than "one cumulative" money judgment. Further, an arrearage in the child-support context occurs when an obligor has not satisfied his obligation. *Ochsner v. Ochsner*, 517 S.W.3d 717, 720 (Tex. 2016). According to section 157.263, however, the trial court is not merely to "confirm the arrearages"; rather it must "confirm the *amount* of arrearages." *Id.* (citing TEX. FAM. CODE ANN. § 157.263) (emphasis in original). An "amount," in the realm of arrearage, is "a principal sum and the interest on it." "Amount," therefore, denotes a quantity that can be broken into fractions and taken in the aggregate. *Id.* The "amount of arrearages" refers to the quantity, taken in the aggregate, of that fraction of the child-support obligation that remains unmet. *Id.* Finally, the verb "to confirm" means "to give new assurance of the truth or validity" of some state of affairs. *Id.* Thus, a trial court instructed to "confirm the amount of arrearages" is to determine the quantity of the child-support obligation that the obligor has failed to meet. *Id.* at 721. The court that issued the support order in the first instance determined the total dollar value of the support obligation. *Id.* The text of the enforcement statute indicates that the trial court must calculate which aggregated sub-fraction of this value stands unpaid. *Id.*

Here, the order disposed of both the arrearages owed pursuant to the trial court's July 2005 determination and the "amount of arrearages" and attorney's fees owed subsequent to that determination. *See id.* All of these determinations were included in the trial court's December 28,

2016 order. We conclude the trial court did not abuse its discretion in entering its December 28, 2016 order in the manner it did. *See Beck*, 154 S.W.3d at 901. We overrule Hussain's first issue.

In his second issue, Hussain argues the trial court abused its discretion and the order is voidable because the judgments contained in the order violate statutory provisions regarding post-judgment interest. Hussain complains the order indicates that post-judgment interest accrues on unpaid child support at 5% per annum in violation of family code section 157.265, which provides that interest accrues on child support arrearages at 6% simple interest per year.

Section 157.265 of the family code, which governs accrual of interest on child support, provides that a rate of six percent simple interest per year applies to delinquent child support that is greater than the monthly periodic support obligation and to child support arrearages that have been confirmed and reduced to money judgment. TEX. FAM. CODE ANN. § 157.265 (West 2014). The order reflects the trial court applied a five percent rate of interest to child support arrearages accrued prior to July 2005 and thereafter. We sustain Hussain's second point of error to the extent he complains the trial court should have applied an interest rate of six percent simple interest per year to child support arrearages.

Hussain further complains that the order indicates that interest on attorney's fees accrues at 6% per annum when, under section 304.003(c) of the finance code, interest on attorney's fees is set at 5%. *See* TEX. FIN. CODE ANN. § 304.003(c) (West 2016). Nahar agrees. However, Nahar argues that interest under section 304.003(c) accrues as compound interest, not simple interest. Section 304.006 of the finance code provides that postjudgment interest on a judgment of a court in this state compounds annually. *See* TEX. FIN. CODE ANN. § 304.006 (West 2016). Accordingly, we sustain Hussain's second point of error to the extent he complains the trial court should have applied an interest rate of five percent compound interest per year to the attorney's fees awarded.

In his third issue, Hussain argues the trial court abused its discretion and the order is voidable because the "reconfirmed" child support judgment contained in it confirms more interest than legally allowed. In making this argument, Hussain cites an exhibit showing interest calculations attached to his brief. Hussain argues the trial court awarded $1882.02 more than it could have legally confirmed. In his fourth issue, Hussain argues the trial court abused its discretion and the order is voidable because the child support judgment confirms a larger arrearage and more interest than legally allowed. Specifically, Hussain complains the trial court did not make any findings regarding which child support payments were or were not made by him. Relying on a second exhibit attached to his brief, Hussain argues the trial court awarded $2976.77 more interest on child support arrearages than it could have legally confirmed. Finally, Hussain complains that his child support obligation was suspended by the August 15, 2005 memorandum and remained suspended until the case was dismissed on May 6, 2006. By not taking into consideration the period during which child support was suspended, Hussain argues, the trial court ordered Hussain to pay more in arrearages than was legally authorized.

To obtain findings of fact and conclusions of law, a party must file with the clerk of the trial court and present to the court a "Request for Findings of Fact and Conclusions of Law" within twenty days after judgment is signed. TEX.R. CIV. P. 296. In a nonjury trial, where findings of fact and conclusions of law are neither filed nor timely requested, it is implied that the trial court made all necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992); *Beck*, 154 S.W.3d at 901.

Here, appellant did not request findings of fact or conclusions of law. Therefore, it is implied that the trial court made all necessary findings to support its award of arrearages. *See Heine*, 835 S.W.2d at 83 (Tex. 1992); *Beck*, 154 S.W.3d at 901. Further, Hussain did not set forth in his pleadings his affirmative defense of offset. *See Mays v. Bank One, N.A.*, 150 S.W.3d 897,

899 (Tex. App. 2004) (right to offset is affirmative defense). Rule 94 of the rules of civil procedure requires that all affirmative defenses must be set forth affirmatively in pleading to a preceding pleading. TEX. R. CIV. P. 94; *see Columbia Medical Center of Las Colinas v. Bush ex rel Bush*, 122 S.W.3d 835, 862 (Tex. App.—Fort Worth 2003, pet. denied) ("Regardless of the merits of Appellant's argument that they are entitled to an offset, because they did not plead an affirmative defense of offset, this issue is waived."). Finally, to the extent Hussain relies on exhibits attached to his brief but not contained in the record, it is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court. *See Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ) (op. on reh'g). We overrule Hussain's third and fourth issues.

In his fifth issue, Hussain argues the trial court abused its discretion and the order is voidable because the reconfirmed attorney's fees judgment awarded to Nahar was not pled for by Nahar. In making this argument, Hussain characterizes the attorney's fees awarded on July 22, 2005 as "dormant" and complains the trial court abused its discretion by reviving and reconfirming a dormant judgment when Nahar did not plead for such a revival of the judgment.

Section 34.001 of the civil practice and remedies code provides that a judgment is dormant and execution may not be issued if a writ of execution is not issued within ten years after rendition of the judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a). However, the Legislature amended section 34.001 in 2009 to expressly exclude child support judgments from the dormancy statute. TEX. FAM. CODE ANN. § 34.001(c). Furthermore, the Legislature made the amendment apply to "each judgment for child support under the Family Code, regardless of the date on which the judgment was rendered." Act of May 28, 2009, 81st Leg. R.S., ch. 767, § 50, 2009 Tex. Gen. Laws 1938, 1950; *see Holmes v. Williams*, 355 S.W.3d 215, 220–21 (Tex. App.–Houston [1st

Dist.] 2011, no pet.) (upholding constitutionality of retroactive application of amendment). Thus, Nahar was not required to plead for revival of the judgment. We overrule Hussain's fifth issue.

We reverse the portion of the trial court's judgment applying a five-percent interest rate to interest on child support arrearages and a six-percent interest rate to interest on attorney's fees and remand for a recalculation of interest at the proper rate of six percent simple interest on child support arrearages and five percent compound interest on attorney's fees. In all other respects, we affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

170336F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF S.H., A CHILD

No. 05-17-00336-CV

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-52051-02.
Opinion delivered by Justice Bridges.
Justices Myers and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment applying a five-percent interest rate to interest on child support arrearages and a six-percent interest rate to interest on attorney's fees. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for a recalculation of interest at the proper rate of six percent simple interest on child support arrearages and five percent compound interest on attorney's fees.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered August 8, 2018.