**Concurring opinion issued December 31, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00681-CV

———————————

## CHARLES WALL AND CECELIA WALL, Appellants

## V.

## STATE FARM LLOYDS, Appellee

---

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2014-20688**

---

## CONCURRING OPINION

Appellee State Farm challenges appellate jurisdiction over this appeal, and we

are obliged to address that issue.[1] State Farm takes the Walls to task for identifying

---

[1]   TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *Kilroy v. Kilroy*, 137 S.W.3d

an order denying a motion for new trial as a subject of the notice of appeal. The full

text of the notice of appeal reads as follows:

> COMES NOW Plaintiffs Charles and Cecelia Wall and file this Notice of Appeal and respectfully show the following:
>
> Notice is hereby given that Plaintiffs appeal to the Court of Appeals for the First or Fourteenth District of the State of Texas from the Court's August 21, 2017 Order Denying Plaintiffs' Motion for New Trial.

State Farm contends that this notice of appeal challenged only an unappealable

order—the denial of a motion for new trial—and not the appealable final judgment

in the case.

Our jurisdiction over the appeal from the final judgment is unimpaired by the

notice of appeal's identification of an interlocutory order that would not be

appealable in the absence of a final appealable judgment. The filing of a notice of

appeal by any party invokes the appellate court's jurisdiction over all parties to the

trial court's judgment.[2] Any party's failure to take any other step required by the

---

780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("As an initial concern, we must address the issue of our jurisdiction over this matter before we can reach the merits of the parties' arguments."); *cf. Phan v. Le*, 426 S.W.3d 786, 792 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (noting that appellate courts also may raise and address jurisdictional issues of their own accord).

[2]     *See* TEX. R. APP. P. 25.1(b).

appellate rules (such as the failure to state the date of the appealed judgment[3]) does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately.[4] The notice of appeal was sufficient to invoke our jurisdiction, and State Farm's objection to our appellate jurisdiction should be overruled.[5]

With respect to the contract claim, the jury was asked whether State Farm failed to comply with the insurance policy. The jury responded: "no." On appeal, the Walls contend that they proved their contract claim as a matter of law, and a judgment notwithstanding the verdict should have been granted in their favor despite the jury's verdict. The court states that the Walls did not demonstrate their entitlement to JNOV because their argument is entirely based on the timing of State Farm's payment, not its failure to pay as specified in the jury instruction. However, this was not State Farm's argument, and the court gives no indication why it fails to

---

[3]     *See* TEX. R. APP. P. 25.1(d)(2).

[4]     *See* TEX. R. APP. P. 25.1(b).

[5]     *Id.*; TEX. R. APP. P. 47.1; *see also Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665 (Tex. 2011) (per curiam); *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997) ("appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal").

accept or even discuss any of the responses made in the appellee's brief. The jury question at issue read as follows:

> Did State Farm fail to comply with the Policy?
>
>> State Farm failed to comply with the Policy if it failed to pay for the damages that resulted from physical loss to the dwelling on the Property caused by wind or hail damage.
>
> Answer "Yes" or "No."
>
> Answer: ___NO___

The jury instruction identified a way that State Farm could have failed to comply with the Policy: by failing to pay for the damages. As phrased, the instruction did not purport to say that this was the only way State Farm could have failed to comply with the policy.

In addition to the evidence that it paid the cost of the Walls' roof replacement, State Farm argues on appeal that it presented significant evidence that the roof did not sustain any hail or wind damage, based on the testimony of the first appraiser, who inspected the roof, and the third appraiser, who inspected the garage doors and fence. Based on evidence presented to the jury that the Walls' claimed physical loss to the dwelling on the property was not caused by wind or hail damage, I conclude that the trial court properly declined to grant JNOV on the contract claim.

The independence implied in the judicial function means that judges are not constrained to choose between opposing positions proposed by legal adversaries.

4

But while we are free to decide issues for the reasons that seem most sensible to us, there generally ought to be a good reason for deciding an issue on a basis that was not suggested by any party. State Farm has presented sound legal arguments for affirming the judgment in this case. I do not agree with the alternative analysis proposed by the court in all of its particulars. Accordingly, I concur solely in the judgment.

Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Justice Massengale, concurring in the judgment.